IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD J. EUSTACHE, SR., *et al.*,
    *Plaintiff*,

v.

CITI/CITIGROUP/CITIBANK, *et al.*,
    *Defendant*

Case No. 24-cv-2373-ABA

**MEMORANDUM OPINION**

Plaintiffs are four individuals who were born in Haiti. They have filed this lawsuit alleging that between 1825 and 1947, two banks—Crédit Industriel et Commercial ("CIC") and National City Bank of New York—"misappropriate[d] monies and other properties from Haiti's local and national governments . . . in order to further Defendants' own self-interest and to Plaintiffs' detriment." ECF No. 46 (amended complaint) ¶ 13. They have sued CIC, as well as Citibank, N.A. or Citigroup, Inc. ("Citi"), which they contend is a successor in interest of National City Bank of New York, alleging seven causes of action including unjust enrichment, breach of fiduciary duty, and conversion. CIC and Citi (collectively, "Defendants") have filed motions to dismiss. For the reasons explained below, Plaintiffs have not established that this Court has personal jurisdiction over CIC and Citi with respect to the claims asserted in this case.

The exercise of personal jurisdiction over a non-resident defendant must be authorized under Maryland's long-arm statute and comport with due process. *Khashoggi v. NSO Grp. Techs. Ltd.*, 138 F.4th 152, 159 (4th Cir. 2025). Because Maryland's long-arm statute is "coextensive with the limits of personal jurisdiction set by the due process clause," the two requirements merge. *Carefirst of Maryland, Inc. v.*

1

*Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "A plaintiff 'must establish personal jurisdiction by a preponderance of the evidence but need only make a prima facie showing.'" *Khashoggi*, 138 F.4th at 158 (quoting *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020)).

In determining whether the exercise of personal jurisdiction complies with due process, the courts have "long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017)). "That focus led to [the Supreme Court] recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Here, Plaintiffs do not contend that specific jurisdiction applies. *See* ECF No. 49 at 19–21; ECF No. 50 at 19–21.[1] That makes sense, as the bulk of Plaintiffs' allegations involve conduct by Defendants or their predecessors in Haiti; there is no allegation of any conduct by Defendants in Maryland that relates in any way to the claims asserted in this case. Plaintiffs do not satisfy the threshold requirement for the exercise of specific personal jurisdiction that "the suit 'arise out of or relate to the defendant's contacts with the forum.'" *Ford*, 592 U.S. at 362 (quoting *Bristol-Myers Squibb*, 582 U.S. at 272; emphasis omitted).

---

[1] Citations to page numbers refer to the number appearing in the CM/ECF header for this and the other filings referenced herein, which may not align with a document's original page numbering

Instead, Plaintiffs argue that this Court may exercise personal jurisdiction over Citi and CIC for two reasons.

First, Plaintiffs argue that Defendants have impliedly consented to this Court's personal jurisdiction or otherwise waived their objection to personal jurisdiction by "participat[ing] in a telephonic court hearing, motions, stipulations, and . . . compl[ying] with the Court's orders on procedural and substantive matters." ECF No. 49 at 21. But it "is well settled that general appearance by a defendant does not constitute a waiver of the defense of lack of jurisdiction over the person." *Glynn v. EDO Corp.*, 641 F. Supp. 2d 476, 487 (D. Md. 2009) (quoting *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983)). Instead, it is sufficient to raise personal jurisdiction by asserting it in a Rule 12 motion to dismiss. *See* Fed. R. Civ. P. 12(b)(2); *see also* Fed. R. Civ. P. 12(h)(1) (noting that personal jurisdiction can be waived by failing to either raise it in a motion to dismiss or in a responsive pleading). Here, Citi and CIC have asserted lack of personal jurisdiction as a basis for their motions to dismiss, and accordingly have not waived the defense or consented to this Court's exercise of personal jurisdiction.

Second, Plaintiffs argue that this Court has general personal jurisdiction over Citi and CIC. ECF No. 49 at 19–21; ECF No. 50 at 19–20.

A court may only "assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). In forums where a corporation is "essentially at home," *id.*, a corporation is subject to personal jurisdiction regardless of whether the claims "relate to the forum State or the defendant's activities there." *Ford*, 592 U.S. at

3

358. "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) & *Goodyear*, 564 U.S. at 924).

As Plaintiffs concede, Maryland is not the state of incorporation or the principal place of business of either Citi or CIC. And although there can be "exceptional case[s]" where a corporation is "essentially at home" in a non-"paradigm" forum, such circumstances are few and far between. *See Daimler*, 571 U.S. at 129 & n.8 (discussing the unusual facts of *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 447–448 (1952)). In *Perkins*, for example, the defendant corporation was "incorporated under the laws of the Philippines, where it operated gold and silver mines"; it "ceased its mining operations during the Japanese occupation of the Philippines in World War II; its president moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities." *Daimler*, 571 U.S. at 129. Although the Supreme Court there upheld the exercise of personal jurisdiction, that was because "'Ohio was the corporation's principal, if temporary, place of business.'" *Id.* (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 780, n. 11 (1984)).

Plaintiffs have not come close to establishing that Citi and CIC's contacts with Maryland are sufficiently exceptional to justify deeming them "essentially at home" here and thereby subjecting them to general personal jurisdiction. *See Daimler*, 571 U.S. at 122 (quoting *Goodyear*, 564 U.S. at 919). As for CIC, Plaintiffs themselves allege that CIC is a "French banking corporation" that is "a wholly-owned subsidiary" of a "French holding company," ECF No. 46 ¶ 12, and they do not allege that Maryland is CIC's principal place of business. In fact, the Complaint does not allege any connection

4

between Maryland and CIC. Instead, Plaintiffs refer to CIC's contacts with the United States as a whole. *See* ECF No. 50 at 19 (arguing that exercising personal jurisdiction over CIC in Maryland would be constitutional because "it conducts more than 20 billion dollars in financial transactions in investment banking from all over the United States and its reach as principal place of business is national in nature even though it is licensed in one state, New York"). As for Citi, Plaintiffs argue that it has a "notable presence" in Maryland, specifically:

> Citi had 9 job openings in Maryland as of early 2025, including positions in Bethesda, Rockville and Hyattsville. These roles range from senior management positions like SVP Area Manager to customer-facing roles such as Personal Bankers and Universal Bankers. Business Banking: Citi is seeking to hire Business Bankers for the DC/MD/VA area, suggesting they are actively engaged in or expanding their business banking services in the state. Physical Locations: the job listings indicate that Citi has at least two or three branch locations in Maryland - one in Bethesda, one in Rockville, and another in Hyattsville. Mortgage Lending: the company is also hiring a Community Mortgage Lending Officer for the DC/MD/VA area, indicating they provide mortgage services in Maryland.

ECF No. 49 at 19.

The "general jurisdiction inquiry" does not "focu[s] solely on the magnitude of the defendant's in-state contacts," but "instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them" because "[o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. In other words, "a corporation's 'continuous activity of some sorts within a state is not enough to support

5

the demand that the corporation be amenable to suits unrelated to that activity.'" *Id.* at 132 (quoting *International Shoe*, 326 U.S. at 318). Instead, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.*

Even if Plaintiffs had alleged the facts above in the complaint (which they did not; the assertions above come from Plaintiffs' opposition briefs), they would not come close to rendering this case so exceptional as to permit the exercise of general personal jurisdiction over Citi and CIC in a forum other than their states of incorporation or principal places of business. In *BNSF Railway Company*, for example, the Supreme Court held that a railroad that had over 2,000 miles of railroad track and more than 2,000 employees in the forum state still was not "essentially at home" in the forum state. 581 U.S. at 414; *see also, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 134 (4th Cir. 2020) (applying *Daimler* in holding that Marriott's contacts with South Carolina were not enough to render it "at home" in that state "as is required for the exercise of general jurisdiction"); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (holding that New York court lacked general jurisdiction over a Chinese bank that "has only four branch offices in the United States and only a small portion of its worldwide business is conducted in New York"). Plaintiffs have not established that this Court could constitutionally exercise general personal jurisdiction over CIC or Citi.

For these reasons, this Court lacks personal jurisdiction over Defendants with respect to the claims asserted in this case. The complaint will be dismissed (in a separate order) on that basis. In reaching that conclusion, the Court does not reach any of the other arguments Defendants have raised for dismissal (standing, political question doctrine, timeliness, failure to state a claim, venue, or deficient service of process).

Date: September 17, 2025                            /s/
                                         ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                         Adam B. Abelson
                                         United States District Judge